UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

        DOMINICK L. SARTORIO and
        ELIZABETH C. SARTORIO,

                      Debtors.
-----------------------------------------------------------X

Chapter 11

Case No. 08-75266 (dte)

## MEMORANDUM DECISION AND ORDER

*Appearances*:

Lori Lapin Jones PLLC
*Attorneys for Examiner*
By: Lori Lapin Jones, Esq.
98 Cutter Mill Road – Suite 201 North
Great Neck, New York 11021

Weinberg Gross & Pergament LLP
*Attorneys for Debtor*
By: Marc A Pergament, Esq.
400 Garden City Plaza
Garden City, NY 11530

The Honorable Dorothy T. Eisenberg, United States Bankruptcy Court

Before the Court is an application filed by Lori Lapin Jones, as Examiner ("Examiner") in the Chapter 11 case of Dominick L. Sartorio and Elizabeth C. Sartorio ("Debtors"). The Examiner and her professionals were previously granted an order on June 7, 2010, fixing the fees and expenses in the Chapter 11 case. The chapter 11 case was dismissed thereafter, and the instant application seeks a judgment against the Debtors in the amount allowed by the order of this Court (the "Application").

On September 24, 2008, the Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code. On January 14, 2009 certain of the Debtors' creditors filed a motion to convert the case to one under chapter 7, or in the alternative, appoint a Chapter 11 Trustee (the "Motion"). After numerous hearings on the matter, on November 30, 2009 the Court directed that the Office of the United States Trustee appoint an examiner to investigate the Debtors and to issue a report prior to the Court rendering a decision on the Motion. The Examiner was appointed pursuant to Court Order dated December 7, 2009. Shortly thereafter, on December 17, 2009, the Court approved the retention of Gary R. Lampert, CPA as accountant to the Examiner ("Accountant") and LaMonica Herbst & Maniscalco, LLP as general counsel to the Examiner ("Counsel", collectively the "Professionals").

The Examiner completed her examination and filed her official report on April 25, 2010. A few days later on May 4, 2010, the Examiner and the Professionals filed applications seeking an order awarding compensation for professional services rendered and the reimbursement of expenses (collectively, the "Fee Applications"). No objections were filed to the Fee Applications, and after a hearing on notice to all proper parties, the Court approved the Fee Applications and entered an order approving the fees on June 7, 2010 (the "Order"). That

Order was not appealed and is a final order. To date no monies have been paid to the Examiner or the Professionals in satisfaction of this Order.

Thereafter, on July 28, 2010 the United States Trustee's Office filed its own motion seeking to convert the case to one under Chapter 7 of the Bankruptcy Code, or in the alternative dismissing the Debtors' chapter 11 case. At the September 14, 2010 hearing on the United States Trustee's motion the Court concluded that dismissal of the case was appropriate and the Court issued an order dismissing the case with prejudice for one year. Believing that the Court was going to convert the case to chapter 7, the Examiner did not appear at the hearing nor did she file opposition. The day after the hearing the Examiner filed an application for a hearing on shortened notice seeking to vacate the dismissal order for the limited purpose of entering judgments in favor of the Examiner and the Professionals based upon the Order.

At the hearing held on September 23, 2010 (the "Hearing"), the Examiner voiced her concerns about whether or not she and her professionals would be able to collect on the Order without having a judgment against the Debtors, as the state court may decline to enforce the order due to jurisdictional concerns as the Order was issued by the Bankruptcy Court. The Examiner argues that "had the case been converted to chapter 7, then the claims of the Examiner and her professionals would have had priority in payment over all pre-petition claims under the Bankruptcy Code," but since the case was dismissed that priority no longer exists. (ECF Docket No. 216). Because the Examiner and the Professionals may have to incur fees and expenses in their efforts to collect on their Order in state court, the Examiner requests that the Court "collapse the steps" now and award the Examiner and the Professionals a judgment against the Debtors based upon the Order allowing their fees. (Examiner's Post-Hearing Submission at 3).

Debtors' counsel opposed the Examiner's motion on the grounds that the Examiner and the Professionals are not entitled to a judgment, and that they have the same rights as all creditors who are owed funds by the Debtor for both the pre and post petition period. (ECF Docket No. 222). After oral arguments the parties were granted additional time to submit briefs and the Court took the matter under submission.

## DISCUSSION:

The Court is aware of the unique circumstances that the Examiner and the Professionals find themselves in, and is sympathetic to their concerns. However, the Court cannot "collapse the steps" and enter a judgment in their favor. The Court afforded the Examiner and her professionals an opportunity after the hearing to provide case law in support of their arguments. However a review of both the instant motion and the Examiner's post-hearing submissions show that no such case law has been cited or provided to the Court.

The Court's own research has not revealed any authority in support of the Examiner's argument. Chief Judge Craig in *In re Acme Cake Co., Inc.*, stated that there does not appear to be "any authority requiring administrative claims to be paid before a chapter 11 case is dismissed." 2010 Bankr. LEXIS 3689, \*21 (Bankr. E.D.N.Y. Oct. 18, 2010). In *In re Acme Cake Co.* Chief Judge Craig had dismissed the chapter 11 case, but deferred the entry of an order on the dismissal until after holding a hearing on the professionals' fee applications. The professional fees in question were for the former and then-current counsel for the unsecured creditors' committee, the debtor's special counsel, and the debtor's accountants. After reviewing the fee applications and fixing the fees, Chief Judge Craig dismissed the chapter 11 case. A judgment was not entered in favor of those professionals against the debtor.

...

In *In re Acme Cake Co.* the Creditors' Committee counsel argued that dismissal was inappropriate as it would allow a judgment creditor to enforce its rights against the Debtor's assets in state court to the detriment of those creditors who would have payment priority in bankruptcy. *Id.* at *20-21. Chief Judge Craig rejected this argument, noting that "the priority scheme of the Bankruptcy Code comes into play when distributions are made in a bankruptcy case." *Id.* at 21. Had the Court adopted the Committee's argument and required that the administrative claims against the Debtor be paid prior to the case being dismissed, then the Court would "be reading a requirement into the statute that simply does not exist, and would be in contravention of the Bankruptcy Code." *Id.* Similar to the Examiner and her professionals in the instant case, the professionals were given an order as to their fees and the case was dismissed. Unfortunately, the same conclusion applies in this case.

In light of the absence of any legal authority in support of the Examiner's Application, the Court cannot "collapse the steps" or reopen the case to convert the Chapter 11 to a Chapter 7 because the Examiner and her professionals have concerns as to what the state court may or may not do. As Debtors' counsel noted, the Examiner and the Professionals "have the same rights as all creditors who are owed funds by the Debtor[s] for both the pre and post petition period", which includes Debtors' counsel. (ECF Docket No. 222). The Examiner is free to exercise such rights.

### CONCLUSION:

Based upon the above facts and reasoning, the Examiner's Application is denied.

So ordered.

Dated: Central Islip, New York
December 2, 2010

*s/ Dorothy Eisenberg*
Honorable Dorothy Eisenberg